E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

Elijah Thompson
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

See Attachment No. 1
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. _____
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.

List of Defendants

David Haines

Diorio

Cross

Jumi Lacinda

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

I. **The Parties to This Complaint**

    A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Elijah Thompson |
| All other names by which you have been known: | |
| ID Number | 75287 |
| Current Institution | Chester County Prison |
| Address | 501 S. Wawaset Road |
| | West Chester, PA 19382 |

    B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
| | |
|---|---|
| Name | David Haines |
| Job or Title *(if known)* | Correctional Officer II |
| Shield Number | |
| Employer | Chester County Prison |
| Address | 501 S. Wawaset Road |
| | West Chester, PA 19382 |

[X] Individual capacity   [X] Official capacity

Defendant No. 2
| | |
|---|---|
| Name | Diorio |
| Job or Title *(if known)* | Sergeant Correctional Officer |
| Shield Number | |
| Employer | Chester County Prison |
| Address | 501 S. Wawaset Road |
| | West Chester, PA 19382 |

[X] Individual capacity   [X] Official capacity

Page 2 of 11

Defendant No. 3
  Name: Cross
  Job or Title (if known): Correctional Officer 1
  Shield Number:
  Employer: Chester County Prison
  Address: 501 S. Wawaset Road
  West Chester, Pa 19382
  City / State / Zip Code
  ☒ Individual capacity   ☒ Official capacity

Defendant No. 4
  Name: Jumi Lacinda
  Job or Title (if known): Nurse
  Shield Number: N/A
  Employer: PrimeCare Medical Inc.
  Address: 3940 Locust Lane
  Harrisburg, Pa 17109
  City / State / Zip Code
  ☒ Individual capacity   ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

   ☐ Federal officials (a *Bivens* claim)

   ☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fourteenth Amendment - Due Process Clause (Excessive force - Pretrial detainee)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____See Attachment No. 2_____

III.  **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☒ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

IV.  **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

Medical Housing Unit, Cellblock C, cell 10; December 29th, 2020 @ approx 2100

## II.D. "Under color of State/Local law"

Defendants David Haines, Diorio and Cross, Correctional officers at Chester County Prison violated Plaintiff's Fourteenth Amendment, specifically the Due Process Clause, where they subjected Plaintiff, a pre-trial detainee, to excessive force, while employed by and on duty at Chester County Prison, a county facility, thus acting under color of state and/or local law.

Defendant Jumi Lacinda, a medical professional (level of certification unknown) employed by Prime Care Medical Inc., a third party medical provider contracted by Chester County Prison, violated Plaintiff's right to be free from cruel and unusual punishment and his right to reasonable medical care, while excercising authority from Chester County Prison through a contracted third party, thus acting under color of state and/or local law.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

C. What date and approximate time did the events giving rise to your claim(s) occur?

December 29th, 2020 @ between 2100 & 2300

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attachments No. 3 & 4

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Temporary blindness and soreness in eyes; sores inside the mouth; severe psychological trauma

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See Attachment No. 5

On December 29th, 2020 at approximately 1400 hours, Plaintiff was ordered and placed in a "four-point" restraint system to prevent self-harm after he unsuccessfully attempted to commit suicide. Later that evening at approximately 1700 hours, defendant correctional officers David Haines ("Haines") and Diorio ("Diorio") entered the medical observation cell, in which Plaintiff was housed, with his dinner-time meal. They temporarily removed the restraints to allow him to eat. Upon receiving his meal, Plaintiff immediately observed a large glob of spit, along with several strands of hair in plain sight directly on top of his food. At this time, both Diorio and Haines were standing in close proximity to him and Plaintiff notified them of the spit and hair contaminating his food. Haines laughed and directed him to "eat around it." Plaintiff then turned the tray of food toward the in-cell camera to allow it to capture on video the condition of the food he was given. In response, Haines scoffed and ordered another meal be brought to the cell. Diorio told Plaintiff "since you want to play games, we've got something for you. You'll be in [these restraints] all night. Just watch." After Plaintiff received and consumed his replacement meal, he was permitted to use the bathroom. However, Haines stood behind him threatening him with bodily harm should he take too long. Before Plaintiff could relieve himself, Haines instructed him that he was done and that it was time to return to the restraints, again threatening bodily harm should he not immediately comply. Diorio and Haines then reapplied the restraints, but left one of the arm restraints intentionally loosened, Diorio indicating that it was done to allow him to "do the world a favor and kill yourself. Before leaving, Haines pulled a hood over Plaintiff's head and face to suppress any requests, specifically stating "so we don't have to hear you." For approximately four to five consecutive hours after that, Plaintiff remained in the restraints without any required temporary removals being performed by defendant Jumi Lacinda to allow him to stretch his limbs or use the bathroom. At approximately 2100, Plaintiff was able to remove his hand from the loosely applied restraint, remove the hood from his head and began attempting to cause substantial harm to himself with the intentions of committing suicide, which he saw as the only way to relieve himself of the physical and emotional trauma he was experiencing. Haines,

Diorio and defendnt correctional officer Cross ("Cross") entered the cell while being assisted by correctional officer Reese, who held the cell door open for them to enter. Haines immediately approached Plaintiff and, using both hands, began applying downward force to Plaintiff's head while pushing his thumbs directly into Plaintiff's eyes. Another correctional officer, either Diorio or Cross resecured the loose restraint to Plaintiff's arm. Prior to exiting the cell, Diorio made a comment in noticing that the hood was no longer applied to Plaintiff's head. He located the hood and rubbed it around the inside of the toilet which had not been cleaned and was coated with human waste. He handed the hood to Haines who returned to plaintiff with Cross beside him. Haines balled up the excrement-soaked hood and roughly forced it into Plaintiff's mouth while Dioro asked him "How does that shit taste?" Cross held Plaintiff's legs to suppress his struggling. Haines then reapplied the same hood to Plaintiff's head and face. As they exited the cell, Haines stated that he had told Plaintiff earlier in the day that he had something for him. Diorio instructed Lacinda not to perform any temporary removals. Plaintiff later informed Haines that he had to use the bathroom to which Haines told him that he was not removing the restraints and instructed Plaintiff to "Piss on yourself." Plaintiff was not permitted to use the bathroom and was eventually forced to urinate on himself. He was left restrained and soaked in urine for the remainder of the shift. Lacinda did not perform any temporary removals. Between 0200 hours and 0400 hours the following day, two other correctional officers, Suh and Meier noticed Plaintiff's condition, entered the cell and removed the restraints. Plaintiff was not permitted to bathe for at least two additional days and was left in a urine-soaked state for those two days.

## VI. Relief

Plaintiff is seeking the following relief;

i) $600,000.00 in punitive monetary damages from defendant Correctional Officers Haines, Diorio and Cross to punish the officers' for their involvement in a blatant assault against a defenseless and mentally instable individual due to the cruelty of the assault and intentional disregard for human life and health; and to create an incentive for preventing similar conduct in the future.

ii) $150,000.00 in compensatory monetary damages for pain and suffering, both physical and emotional, and for any past and future medical expenses, including, but not limited to, expenses related any testing, treatment and any other medical procedures for the undiagnosed sores which Plaintiff suffers from as a result of this incident, and any mental health / psychological treatment and/or counseling, as well as any legal fees related to this incident, from defendant Correctional Officers Haines, Diorio and Cross.

iii) $200,000.00 in punitive damages against defendant Lacinda for being deliberately indifferent and intentionally negligent in her role in the aforementioned assault and further subjecting Plaintiff to inhumane conditions and cruel punishment and failing to provide reasonable medical treatment and misusing medical restraints with a complete disregard for human life, health and safety; to both punish and create an incentive to prevent similar conduct in the future.

iv) $75,000.00 in compensatory monetary damages against defendant Lacinda for pain and suffering, past and future medical expenses for any mental or physical injuries herefrom and any legal fees related hereto.

Totalling $1,025,000.00 in monetary relief.

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Chester County Prison_

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_Any violation(s) of "civil, constitutional or statutory right," "criminal or prohibited act(s) by staff" and/or "prison Policy"_

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

2. What did you claim in your grievance?

3. What was the result, if any?

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

Prison staff frustrated access to grievance, made several requests.

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

Informed Correctional officers Suh, white, Meier and Monte, but none could resolve the issue.

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Requests for grievances were signed before a superior officer copied them for my possession.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Page 8 of 11

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)  Elijah Thompson

   Defendant(s)  Holmes, Miller, Cross, Reese and Baker

2. Court *(if federal court, name the district; if state court, name the county and State)*

   United States District Court; Eastern District of Pennsylvania

3. Docket or index number

   22-CV-3507-JP

4. Name of Judge assigned to your case

   John R Padova

5. Approximate date of filing lawsuit

   August 10, 2022

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9-14-22

Signature of Plaintiff: *Elijah Thompson*
Printed Name of Plaintiff: Elijah Thompson
Prison Identification #: 75287
Prison Address: 501 S. Wawaset Road
West Chester, PA 19382

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
City / State / Zip Code: _____
Telephone Number: _____
E-mail Address: _____

Elijah Thompson K-19
501 S Wawa Set Rd
WestChester, PA 19382

+ 3.12

C-Block

EASTERN DISTRICT OF PENNSYLVANIA
OFFICE OF
CLERK, UNITED STATES DISTRICT COURT
PHILADELPHIA, PA 19106-9865

U.S.M.S. X-RAY


RECEIVED
OCT 6 2022

quadient
FIRST-CLASS MAIL
IMI
$003.12⁹
10/03/2022 ZIP 19382
043M31228302
US POSTAGE