IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIJAH THOMPSON,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4051 |
| | : | |
| **DAVID HAINES,** *et al.* | : | |
|     Defendants. | : | |

## ORDER

**AND NOW**, this 14th day of December, 2022, upon consideration of Plaintiff Elijah Thompson's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), **IT IS HEREBY ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Elijah Thompson, #75287, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Chester County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Thompson's inmate account; or (b) the average monthly balance in Thompson's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Thompson's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Thompson's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Chester County Prison.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Thompson's official capacity claims against all Defendants and his claims for medical deliberate indifference against Jumi Lacinda are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. The Clerk of Court is **DIRECTED** to send Thompson a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

7. Thompson is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state plausible municipal liability claims and/or a plausible claim for deliberate medical indifference. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Thompson's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 22-4051. **If Thompson files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Thompson's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. This means that if Thompson files an amended complaint, he must include allegations related to his excessive force claims against David Haines, Diorio, and Cross, which have not been dismissed, if he seeks to proceed on those**

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

**claims.  Claims that are not included in the amended complaint will not be considered part of this case.**[2]  When drafting his amended complaint, Thompson should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Thompson does not file an amended complaint, the Court will direct service of his initial Complaint on Defendants David Haines, Diorio, and Cross only so that Thompson may proceed on the excessive force claims against them.  **Thompson may also notify the Court that he seeks to proceed on his excessive force claims against David Haines, Diorio, and Cross at this time rather than file an amended complaint.**  If he files such a notice, Thompson is reminded to include the case number for this case, 22-4051.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                      **BY THE COURT:**

                      /s/ John R. Padova, J.

                      **JOHN R. PADOVA, J.**

---

[2] "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading." *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (internal citations omitted).